IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**BILLY KINDREX, JR., # 75981**                                                                 **PLAINTIFF**

**VERSUS**                                                  **CIVIL ACTION NO. 3:12cv704-DPJ-FKB**

**CITY OF JACKSON, JACKSON
MUNICIPAL COURT, and JUDGE
STUDEBAKER**                                                                                         **DEFENDANTS**

## ORDER OF DISMISSAL

This *pro se* prisoner case is before the Court, *sua sponte*, for consideration of dismissal. Plaintiff Billy Kindrex, Jr., filed this action for damages challenging his sentence for contempt of court.[1] He is serving that sentence at the Hinds County Detention Center. The Court has considered and liberally construed the pleadings. As set forth below, this case is dismissed.

**I.      Background**

According to the Complaint, Kindrex was before the Jackson Municipal Court on December 7, 2007, for a hearing to determine whether he violated his Earned Supervised Release. Judge Studebaker was the presiding municipal judge. Because Kindrex was arguing with Judge Studebaker, she found Kindrex to be in contempt of court. Judge Studebaker sentenced Kindrex to serve two years in the Hinds County Detention Center on the contempt charge. She also remanded Kindrex to the custody of the Mississippi Department of Corrections ("MDOC") for violating the terms of his Earned Supervised Release.

---

[1] Because the Complaint presented mixed 42 U.S.C. § 1983 and 28 U.S.C. § 2254 habeas claims, the habeas claims were severed and opened in *Kindrex v. City of Jackson*, No. 3:13cv98-HTW-LRA.

On May 30, 2012, Kindrex was released from MDOC after satisfying the State sentence. He was subsequently incarcerated in Hinds County, where he remains serving the two-year sentence on the contempt charge.

Kindrex filed this action on October 15, 2012, seeking damages for what he maintains is an illegal sentence. According to Kindrex, Judge Studebaker had no authority to sentence him to more than eleven months and twenty-nine days because the contempt charge was a misdemeanor. Kindrex has named as defendants the City of Jackson, the Jackson Municipal Court, and Judge Studebaker.

## II.   Discussion

The Prison Litigation Reform Act of 1996, applies to prisoners proceeding *in forma pauperis* (IFP) in this Court. One of the provisions reads, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (citation and quotations omitted). "[I]n an action proceeding under section 1915(d), [a federal court] may consider, sua sponte, affirmative defenses that are apparent from the record even where they have not been addressed or raised." *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Id.* The Court has permitted Kindrex to

proceed IFP in this action. His Complaint is subject to dismissal *sua sponte* under § 1915(e)(2)(B).

In his pleadings, Kindrex challenges his sentence under § 1983, and—read liberally—under state law. He alleges that the sentence violates his due-process and equal-protection rights, and also exceeds the maximum allowed by law.

**A.     § 1983**

A § 1983 claim that challenges the fact or duration of a state sentence "is barred (absent prior invalidation) . . . if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005). In such a case, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994) (citing 28 U.S.C. § 2254). Where success on the § 1983 claim "will not necessarily imply the invalidity of confinement or shorten its duration," then the action may proceed. *Wilkinson*, 544 U.S. at 82 (citation and quotations omitted).

Success on Kindrex's claims will necessarily invalidate his contempt of court sentence, because he challenges the length of that sentence. Therefore, these claims may only proceed if he proves the sentence has already been invalidated. Kindrex's habeas petition challenging the sentence at issue is currently pending, and he admits that he is still incarcerated under the two-year sentence. Therefore, it is clear that he has not yet been granted habeas relief on this matter.

Because the sentence has not yet been invalidated, Kindrex is precluded by *Heck* from challenging it in this § 1983 civil action at this time. These claims under § 1983 are dismissed with prejudice for failure to state a claim, until such time as he successfully has the sentence invalidated via appeal, post-conviction relief, habeas corpus, or otherwise. *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996). This dismissal counts as a strike under 28 U.S.C. § 1915(g). *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996).

### B. State Law Claims

The Complaint also challenges the sentence under state law. Such claims invoke the Court's supplemental jurisdiction. 28 U.S.C. § 1367(a). This jurisdiction may be declined if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Since the Court has dismissed Kindrex's § 1983 claims, it declines jurisdiction over the state law claims. Those claims are dismissed without prejudice.

### III. Conclusion

Kindrex's § 1983 claims are dismissed with prejudice until such time as Kindrex has the sentence invalidated. The Court also declines to exercise jurisdiction over the supplemental state law claims.

**IT IS THEREFORE ORDERED AND ADJUDGED** that, for the reasons stated above, *pro se* Plaintiff Billy Kindrex, Jr.'s, § 1983 claims should be and are hereby **DISMISSED WITH PREJUDICE** for failure to state a claim until such time as the municipal sentence is invalidated. This dismissal counts as a strike under 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED AND ADJUDGED** that Plaintiff's state law claims should be and are hereby **DISMISSED WITHOUT PREJUDICE**.  A separate final judgment shall issue pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 28th day of March, 2013.

                                              s/ *Daniel P. Jordan III*
                                              UNITED STATES DISTRICT JUDGE